IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**HEIDI K.,**[1]

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

Civ. No. 3:18-cv-00334-CL

**OPINION AND ORDER**

---

MARK D. CLARKE, Magistrate Judge.

Plaintiff Heidi K. seeks judicial review of the final decision of the Commissioner denying her applications for SSI and SSDIB under the Social Security Act. The parties have consented to magistrate jurisdiction. For the reasons below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

## BACKGROUND[2]

Plaintiff was born on January 26, 1970 and was 39 years old at the established onset date. Tr. 33. She has at least a high school education and has past relevant work as a bookkeeper, night auditor, food service manager, user support analyst, and administrative secretary. Tr. 32. She alleges disability beginning October 4, 2011, due to fibromyalgia and chronic fatigue, migraine headaches, middle back strain, and adjustment disorder with anxiety and depression. On July 25, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. Plaintiff also filed a Title XVI application for supplemental security income on the same date. In both applications, the claimant alleged disability beginning December 15, 2009. These claims were denied initially on February 13, 2014, and upon reconsideration on November 12, 2014. Thereafter, Plaintiff filed a written request for hearing on December 19, 2014. Tr. 19. A hearing was held before an Administrative Law Judge whose December 16, 2016, denial became final when the Appeals Council chose not to review it on December 19, 2017. Tr. 1. Plaintiff now seeks review.

As a procedural matter, Plaintiff previously filed an application on February 28, 2011, which was addressed in a prior determination dated October 3, 2011. This determination became administratively final when Plaintiff did not request review within the stated time period. Tr. 19. Accordingly, the relevant period in this case is from October 4, 2011. Tr. 20. Any discussion of evidence prior to this date is for the limited purpose of establishing the existence of Plaintiff's medically determinable impairments, evaluating the Plaintiff's symptoms, and providing a historical context of the Plaintiff's current condition. *Id.*

## DISABILITY ANALYSIS

---

[2] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 10.

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-

related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also Bustamante v. Massanari, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ made the following findings:

1. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013. Tr. 22.

2. Plaintiff has not engaged in substantial gainful activity from the established onset date of December 3, 20011. Tr. 22

3. Plaintiff has the following severe impairments: fibromyalgia/chronic fatigue; migraine headaches; middle back strain; and adjustment disorder with anxiety and depression. Tr. 11

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 23.

5. Plaintiff has the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). She is able to stand or walk for up to a total of 4/8 hours; sit for up to a total of 6/8 hours; never climb ladders, ropes and scaffolds; occasionally climb ramps and stairs; occasionally balance; and frequently stoop, kneel, crouch and crawl. Plaintiff is able to perform work that does not require exposure to hazards such as unprotected heights and moving machinery. She is able to perform tasks no greater than SVP 4. She is able to have occasional, superficial contact with the public, co-workers and supervisors. She would need the option to change position after 60 minutes for 3 to 5 minutes while remaining on task.

6. Plaintiff is unable to perform past relevant work as a bookkeeper, a night auditor, a food service manager, a user support analyst, and an administrative secretary. Tr. 32.

7. Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform, including document preparer and production assembler. Tr. 33-34.

Consequently, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act from October 3, 2011, through December 21, 2016. Tr. 34.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript

record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues:

1. Did the ALJ properly evaluate Plaintiff's subjective complaints?

2. Did the ALJ properly evaluate the opinions of Plaintiff's medical sources?

3. Did the ALJ properly evaluate lay witness statements?

The ALJ improperly evaluated Plaintiff's subjective complaints regarding her migraine and cluster headaches. Therefore, the ALJ's decision is reversed and remanded for a proper evaluation of whether this impairment is disabling. The Court also addresses the additional issues in brief.

### I. The ALJ erred by improperly rejecting Plaintiff's subjective complaints regarding her migraine and cluster headaches.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Id.* In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ will consider the "[l]ocation, duration, frequency, and intensity of pain or other symptoms" reported by the claimant, any medical sources, and any non-medical sources. *Id.* The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms,

be consistent with and support by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms." *Id.*

Additionally, the evidence upon which the ALJ relies must be substantial. *See Reddick*, 157 F.3d at 724; *Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). The ALJ must "state specifically which symptom testimony" is being rejected and what facts lead to that conclusion. *Smolen v. Charter*, 80 F.3d 1273, 1284 (9th Cir. 2009) (citing *Dodrill*, 12 F.3d at 918). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1029, 1036 (9th Cir. 2007)).

Plaintiff "alleged that her migraines and cluster headaches were so severe as to incapacitate her for days at a time." Tr. 29. The ALJ discounted this testimony, finding that it was:

> inconsistent with the evidence of record, which indicates that these were controllable with proper medication (Ex. 28F). A brain MRI from 2011 failed to establish a cognitive cause for these headaches (Ex 23F at 4).

*Id.* These two reasons are not clear and convincing because the exhibits cited by the ALJ do not stand for what she proposes. First, Exhibit 28F is a Clinical Visit Summary written by Howard S. Taylor, M.D. of East Portland Neurology. Tr. 1768. A review of the summary indicates that Dr. Taylor diagnosed Plaintiff with migraines and cluster headaches, and he wanted her "to try ... a medicine called topiramate that can help decrease both migraine headaches and cluster headaches." Tr. 1768. Nothing in the report indicates that the medication was successful or that it made Plaintiff's headaches controllable, as indicated by the ALJ. Second, the ALJ points to

Exhibit 23F at page 4. Tr. 1677. This exhibit is a note of an MRI of Plaintiff's brain and the resulting impressions by Bradley Griffith, M.D. Dr. Griffith's impressions were:

1. 4mm suspected pituitary microadenoma. No additional pituitary, pituitary stalk or cavernous sinus abnormality.
2. Normal-appearing brain. No acute intracranial process.

*Id.* Dr. Griffith did not give an opinion as to Plaintiff's migraines or cluster headaches in this note. There is no evidence in the record to show that migraines and cluster headaches could or should be visible on an MRI. These are not clear and convincing reasons for the ALJ to state that "the evidence does not reveal a disabling-level impairment." Tr. 29. Therefore, this case is reversed and remanded for a proper evaluation of whether Plaintiff's migraines and cluster headaches are disabling.

## II.  Additional issues should be redressed on remand.

Plaintiff raises additional issues, claiming the ALJ erred by improperly evaluating (1) other subjective symptom testimony by the Plaintiff, (2) medical opinion sources, and (3) lay witness testimony. Because the ALJ committed reversible error regarding Plaintiff's migraine and cluster headaches, the Court need not reach these additional issues. Nevertheless, the Court will briefly mention them here to provide guidance on remand.

First, the ALJ properly rejected other subjective symptom testimony by Plaintiff due to her failure to seek treatment for her fibromyalgia, back pain, and mental impairments. "We have long held that, in assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) *(quoting Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)) (internal quotation marks omitted).

Second, the Court finds that overall, the ALJ properly evaluated the medical opinions, but failed to articulate the specific reasons for rejecting each opinion. More than once the ALJ merely referenced inconsistency with the "overall treatment record" or the medical history in general. The Commissioner's brief points to specific evidence in the record that supports the ALJ's determinations, but in several instances these reasons were not given by the ALJ herself. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (remanding for further proceedings when "the government has pointed to evidence in the record that the ALJ overlooked and explained how that evidence casts into serious doubt the claimant's claim to be disabled."). On remand, the ALJ shall fully consider the medical opinion evidence, and give specific, clear, and convincing reasons for rejecting each opinion, particularly when that opinion supports Plaintiff's claim of disability.

Finally, regarding lay witness testimony, the ALJ provided three general reasons to discredit all three witnesses: (1) inconsistency with the objective medical evidence and medical opinions of record, (2) a lay person's lack of medical training to make "exacting observations as to dates, types, frequencies, types and degrees of medical signs and symptoms, or the frequency or intensity of unusual moods or mannerisms," and (3) "more importantly, by virtue of their relationships with the claimants, [the ALJ] cannot consider them to be disinterested third party witnesses whose statements would not tend to be colored by affection for the claimant." Tr. 32. Only the first of these is appropriate and it is too conclusory and generalized to be germane. The Ninth Circuit has held that "friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [a claimant's] condition" and can "make independent observations of the claimant's pain and other symptoms." *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). If the ALJ disregards such testimony, the ALJ "must give

reasons that are germane to each witness." *Id.* On remand, the ALJ shall evaluate the lay witness testimony using this standard.

## ORDER

Based on the foregoing, the decision of the Commissioner is REVERSED and REMANDED for further proceedings consistent with this Opinion and Order, pursuant to "sentence four" of 42 U.S.C. § 405(g): "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

It is so ORDERED and DATED this 17 day of September, 2019.

MARK D. CLARKE
United States Magistrate Judge