# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

HEIDI K.[1],

          Plaintiff,

    v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

_____

Civ. No. 3:18-cv-00334-CL

**OPINION & ORDER**

CLARKE, Magistrate Judge:

This case comes before the Court on Plaintiff's Motion for Attorney Fees. ECF No. 30. All parties have consented to magistrate judge jurisdiction in this case. ECF No. 3. Plaintiff's Motion indicates that the Commissioner does not oppose an award of fees in the requested amount. The Court has reviewed the record and the motion is GRANTED.

## LEGAL STANDARD

Upon entering judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). Section 406(b) expressly requires any attorney's fee awarded under that section to be payable "out of, and not in addition to, the amount of such past due benefits." *Id.*

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court clarified that § 406 "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807. Courts must approve § 406(b) fee determinations by, first, determining whether a fee agreement has been executed and then testing it for reasonableness. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). "Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 807. Even within the 25 percent boundary, however, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

## DISCUSSION

Plaintiff in this case sought review of the decision of the Commissioner of Social Security denying benefits. On September 12, 2019, this Court reversed and remanded the decision of the ALJ for further proceedings. ECF Nos. 24, 25. On December 2, 2019, the Court granted Plaintiff's application for fees pursuant to the Equal Access to Justice Act ("EAJA") and awarded $7,439.04 in attorney fees. ECF No. 29.

Plaintiff's motion represents that Plaintiff was awarded $122,273 in past-due benefits on remand. Pl. Mot. Ex. 1, at 5. Plaintiff seeks an award of $30,568.25 pursuant to 42 U.S.C. § 406(b), which Plaintiff's counsel represents amounts to 25% of the past-due benefits award. Pl. Mot. 2. Less the amount of the previously awarded EAJA fees, Plaintiff seeks a total award of $23,129.21. *Id.*

## I.    Contingency Fee Agreement

Under *Gisbrecht*, the Court's first duty when considering whether to approve a contingency fee agreement is to determine whether it is within the statutory 25% cap. *Gisbrecht*, 535 U.S. at

807-08.  The fee agreement between Plaintiff and Plaintiff's counsel contemplated a contingency fee award of up to 25%.  ECF No. 26-2.  The requested attorney fee sum does not exceed 25% of that amount.

## II.    Reasonableness

Next, the Court must determine whether application of the fee agreement yields reasonable results under the circumstances.  *Gisbrecht*, 535 U.S. at 807-08.  In making this determination, the Court must recognize the "primacy of lawful attorney-client fee agreements."  *Id.* at 793. However, although a contingency agreement should be given significant weight in fixing a fee, the Court can depart from it if it produces unreasonable results.  *Id.* at 808.  The burden rests with Plaintiff's counsel to establish the requested fee's reasonableness.  *Id.* at 807.

The Ninth Circuit has established four factors to guide the Court's inquiry into the reasonableness of a requested fee: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney in seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the possibility that the attorney would receive an unwarranted windfall.  *Crawford*, 586 F.3d at 1151-53.

In this case, all four factors weigh in favor of granting Plaintiff's motion.  Counsel ably represented Plaintiff and achieved a favorable result—remand and an eventual award of benefits— in a reasonably expeditious manner.  The Court has reviewed the hours expended by Plaintiff's counsel in this case, ECF No. 26-1, which yield an effective hourly rate of $828.41.  This rate is not disproportionate and the Court finds no cause to reduce the requested fees.

## CONCLUSION

For the reasons set forth above, the Plaintiff's motion for an award of attorney fees, ECF No. 30, is GRANTED.  Plaintiff's counsel is awarded fees under 42 U.S.C. § 406(b) in the amount

of $30,568.25.  Previously, the Court awarded Plaintiff's attorney fees in the amount of $7,439.04 under the EAJA.  When issuing the check for payment to Plaintiff's attorney, the Commissioner is directed to subtract the amount awarded under the EAJA and send Plaintiff's attorney the balance of $23,129.21, less any applicable processing or user fees prescribed by statute.  Payment of this award should be made via check payable and mailed to Plaintiff's attorney Bruce Brewer at PO Box 421, West Linn, OR 97068.  Any amount withheld after all administrative and court attorney fees are paid should be released to Plaintiff.

It is so ORDERED and DATED this _____22_____ day of December 2020.


MARK CLARKE
United States Magistrate Judge